Jason K. Singleton State Bar #166170
SINGLETON LAW GROUP
611 "L" Street, Suite A
Eureka, CA 95501
(707) 441-1177
FAX 441-1533
lawgroup@sbcglobal.net

Attorney for Plaintiff, GERRY HARRIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRY HARRIS,<br><br>    Plaintiff,<br>v.<br><br>GROCERY OUTLET, INC., a California corporation, MIKE BARBER, MARY J. BARBER, dba EUREKA GROCERY OUTLET, STEVEN M. READ, dba READ INVESTMENTS GP, and DOES ONE to FIFTY, inclusive,<br><br>    Defendants. | Case No.  C-05-2423 BZ<br><br>Civil Rights<br><br>COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES<br><br>JURY TRIAL REQUESTED |

Plaintiff **GERRY HARRIS** complains of defendants **GROCERY OUTLET, INC.**, a California corporation, MIKE BARBER, MARY J. BARBER, dba EUREKA GROCERY OUTLET, STEVEN M. READ, dba READ INVESTMENTS GP, and DOES ONE to FIFTY, **inclusive**, and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 *U.S.C.* § 1331 and 42 *U.S.C.* § 2000a-3. The Court may issue certain declaratory relief pursuant to 28 *U.S.C.* §§ 2201-2202. Pursuant to the Court's supplemental jurisdiction under 28 *U.S.C.* § 1367, attendant and related causes of action, arising from the same facts, are also brought under

COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES    1

California law, including, but not limited to, violations of **California Civil Code** §§ 51 *et seq.*

2. Venue is proper in this Court pursuant to 28 **U.S.C.** § 1391(b) and is founded on the fact that the conduct giving rise to this action occurred in this District, at Eureka, California.

### THE PARTIES

3. **EUREKA GROCERY OUTLET** is a grocery store located at 625 Commercial Street, Eureka, California. Said grocery store is owned and operated by defendants **GROCERY OUTLET, INC., a California corporation, MIKE BARBER, MARY J. BARBER, STEVEN M. READ, dba READ INVESTMENTS GP, and DOES ONE to FIFTY, inclusive**. **EUREKA GROCERY OUTLET** is a "place of public accommodation" within the meaning of 42 **U.S.C.** § 2000a(b)(1), and the operation of **EUREKA GROCERY OUTLET** affects commerce within the meaning of 42 **U.S.C.** § 2000a(c)(1). **EUREKA GROCERY OUTLET** is also a "business establishment" within the meaning of, and subject to the requirements of, *California Civil Code* §§ 51 *et seq.*

4. Plaintiff **GERRY HARRIS** is an African-American and is a California resident.

### FACTUAL ALLEGATIONS

5. Defendants **GROCERY OUTLET, INC., a California corporation, MIKE BARBER, MARY J. BARBER, STEVEN M. READ, dba READ INVESTMENTS GP, and DOES ONE to FIFTY, inclusive** (hereinafter alternatively referred to collectively as "Defendants"), at all times relevant herein were and are the owners and operators; lessors and/or lessees, franchisers and/or franchisees, of public facilities known as the "**EUREKA GROCERY OUTLET**," located at Eureka, California, subject to the requirements of Federal and California state law requiring full and equal access to places of public accommodation pursuant to the *Civil Rights Act of 1964* (42 **U.S.C.** §§ 2000a *et seq.*), the *Unruh Civil Rights Act* (*California Civil Code* §§ 51 *et seq.*), and to all other legal requirements referred to in this Complaint. Plaintiff does not know the relative responsibilities of Defendants in the operation of the facilities herein complained of, and alleges a joint venture and common enterprise by all such Defendants.

COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES    2

6. Defendants were the owners and operators of the subject **EUREKA GROCERY OUTLET** at all times relevant to this Complaint. Plaintiff is informed and believes that each of the Defendants herein is the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in legally causing the damages complained of herein, and have approved or ratified each of the acts or omissions of each other Defendant, as herein described.

7. Plaintiff **GERRY HARRIS** does not know the true names and capacities of defendants **GROCERY OUTLET, INC., a California corporation, MIKE BARBER, MARY J. BARBER, STEVEN M. READ, dba READ INVESTMENTS GP, and DOES ONE to FIFTY, inclusive**, their business capacities, their ownership connection to the property and business, nor their relative responsibilities in causing the violations of civil rights herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein is the agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, joint venturer, partner, and associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, with the authorization, consent, permission or ratification of each of the other Defendants, and is responsible in some manner for the acts and omissions of the other Defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other Defendant, as herein described. Plaintiff will seek leave to amend this Complaint when the true names, capacities, connections and responsibilities of defendants **GROCERY OUTLET, INC., a California corporation, MIKE BARBER, MARY J. BARBER, STEVEN M. READ, dba READ INVESTMENTS GP, and DOES ONE to FIFTY, inclusive**, are ascertained.

8. Plaintiff is informed and believes that all named Defendants, including **DOES ONE to FIFTY**, inclusive, conspired to commit the acts described herein, or alternatively,

COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES    3

aided and abetted one another in the performance of the wrongful acts hereinafter alleged.

9. On or about November 10, 2004, Plaintiff **GERRY HARRIS** visited the **EUREKA GROCERY OUTLET** in Eureka, California for the purpose of purchasing groceries from the store.

10. On or about November 10, 2004, Defendants engaged in conduct intended to deny and denying to Plaintiff, on account of his race, the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the **EUREKA GROCERY OUTLET**. Defendants discriminated against Plaintiff on the basis of race in a variety of ways, including, but not limited to, the following:

> While shopping in the grocery store, Plaintiff experienced severe stomach pains indicating an immediate need to use a restroom. While the grocery store now indicates it has an employees only restroom, Plaintiff has seen and knows of other white patrons who have been allowed to use said restroom (on many occasions) when necessary. Plaintiff indicated to a female clerk his immediate need and she informed him he could use the restroom. When Plaintiff was on his way to the restroom he was stopped by another employee in front of a group of 4 other persons and told him he was not supposed to be back there. When Plaintiff informed her he was about to have an accident, she said "I don't care" and the group of persons surrounded him and prevented him from getting to the restroom causing Plaintiff to soil himself.

11. Defendants' acts and omissions denied Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the **EUREKA GROCERY OUTLET** and constitute discrimination against Plaintiff on the basis of race, in violation of both Federal and California law including, but not limited to, 42 *U.S.C.* §§ 2000a *et seq*. and *California Civil Code* §§ 51 *et seq*.

12. As a result of the acts and omissions of Defendants, and each of them, and as

COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES    4

a result of the failure to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the **EUREKA GROCERY OUTLET** to Plaintiff on the basis of his race, Plaintiff suffered and will suffer a loss of his right to full and equal access to a place of public accommodation and business establishment, and further suffered and will suffer emotional distress, mental distress, mental suffering, and mental anguish, which includes shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person being discriminatorily denied access to a place of public accommodation on the basis of his race, all to his damages as prayed hereinafter in an amount within the jurisdiction of this Court.

I.  **FIRST CAUSE OF ACTION:**
    VIOLATION OF ***THE CIVIL RIGHTS ACT OF 1964***
    (42 ***U.S.C.*** §§ 2000a *et seq.*)

13.  Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 12 of this Complaint and incorporates them herein as if separately repled.

14.  The ***Civil Rights Act of 1964***, 42 ***U.S.C.*** § 2000a(a), broadly guarantees for all persons the civil right to be free from discrimination on the basis of race, mandating that "All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin."

15.  The ***Civil Rights Act of 1964*** also specifically prohibits any withholding, denial, or deprivation of that civil right, or any attempt to so withhold, deny, or deprive, in 42 ***U.S.C.*** § 2000a-2, which provides:

> No person shall (a) withhold, deny, or attempt to withhold or deny, or deprive or attempt to deprive any person of any right or privilege secured by section 2000a or 2000a-1 of this title, or (b) intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person with the purpose of interfering with any right or privilege secured by section 2000a or 2000a-1 of this title, or (c) punish or attempt to punish any person for exercising or attempting to

>exercise any right or privilege secured by section 2000a or 2000a-1 of this title.

16. Among the places of public accommodation specifically identified for purposes of the **Civil Rights Act of 1964**, 42 **U.S.C.** § 2000a(b), are each of the following establishments that serve the public, if its operations affect commerce:

> (1) any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his residence;
>
> (2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station;
>
> (3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and
>
> (4) any establishment which is physically located within, or which physically contains, the premises of any establishment otherwise covered by this subsection, and which holds itself out as serving patrons of such covered establishment.

17. **EUREKA GROCERY OUTLET** affects commerce within the meaning of 42 **U.S.C.** § 2000a(c), in which "commerce" is broadly defined as

> . . .travel, trade, traffic, commerce, transportation, or communication among the several States, or between the District of Columbia and any State, or between any foreign country or any territory or possession and any State or the District of Columbia, or between points in the same State but through any other State or the District of Columbia or a foreign country.

18. On or about November 10, 2004, Defendants engaged in conduct, as described in paragraphs 9 and 10 above, that denied to Plaintiff, on account of his race, the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the **EUREKA GROCERY OUTLET**. This conduct occurred in violation of 42 **U.S.C.** §§ 2000a *et seq*.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

///

**II.    SECOND CAUSE OF ACTION:**
VIOLATION OF THE *UNRUH CIVIL RIGHTS ACT*
(*California Civil Code* §§ 51 *et seq.*)

19.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 18 of this Complaint and incorporates them herein as if separately repled.

20.    The *Unruh Civil Rights Act, California Civil Code* § 51(b), broadly protects against discrimination on the basis of race, providing:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

21.    The *Unruh Civil Rights Act* specifically prohibits discrimination on the basis of race in *California Civil Code* § 51.5(a), which provides:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, or refuse to buy from, contract with, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, disability, or medical condition of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers, because the person is perceived to have one or more of those characteristics, or because the person is associated with a person who has, or is perceived to have, any of those characteristics.

22.    On or about November 10, 2004, Defendants engaged in conduct, as described in paragraphs 9 and 10 above, that denied to Plaintiff, on account of his race, the full and equal accommodations, advantages, facilities, privileges, or services of the **EUREKA GROCERY OUTLET**.  This conduct occurred in violation of *California Civil Code* §§ 51 *et seq*.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES    7

**III.  THIRD CAUSE OF ACTION:**
   INTENTIONAL INFLICITON OF EMOTIONAL DISTRESS

23.  Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 22 of this Complaint and incorporates them herein as if separately repled.

24.  Defendants' above-described conduct was extreme and outrageous. Said conduct was done intentionally and with conscious disregard of Plaintiff's rights, and directly and proximately caused plaintiffs humiliation, mental pain, and suffering.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**IV.  FOURTH CAUSE OF ACTION:**
   NEGLIGENT INFLICITON OF EMOTIONAL DISTRESS

25.  Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 24 of this Complaint and incorporates them herein as if separately repled.

26.  Defendants' above-described conduct constituted a breach of Defendants' duty of care to Plaintiff to ensure that Defendants did not cause unnecessary or unjustified harm to Plaintiff.  It was reasonably foreseeable to all Defendants that a breach of that duty by Defendants would cause emotional distress to Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**V.  FIFTH CAUSE OF ACTION:**
   DECLARATORY RELIEF

27.  Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 26 of this Complaint and incorporates them herein as if separately repled.

28.  There is a real and actual controversy between Plaintiff and Defendants regarding whether Defendants may undertake to act as described herein.  Plaintiff contends that Defendants violated the laws of the United States and of California.  Plaintiff is informed and believes, and on that basis alleges, that Defendants deny that their conduct violated

those laws. Plaintiff therefore seeks a judicial declaration that Defendants' conduct deprived Plaintiff of his rights under the laws of the United States and of California.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## PRAYER FOR RELIEF

Plaintiff prays that this Court award damages and provide relief as follows:

1. A declaration that the discriminatory practices of the Defendants have violated and violate Title II of the *Civil Rights Act of 1964*, 42 *U.S.C.* §§ 2000a *et seq.*, and the *Unruh Civil Rights Act, California Civil Code* §§ 51 *et seq.*;

2. Injunctive relief prohibiting Defendants, their officers, employees, agents, and successors, and all other persons in active concert or participation with any of them, from engaging in any act or practice which, on the basis of race, denies or abridges any rights secured by Title II of the *Civil Rights Act of 1964*, 42 *U.S.C.* §§2000a *et seq.*, or the *Unruh Civil Rights Act, California Civil Code* §§ 51 *et seq.*;

3. Injunctive relief requiring Defendants, their officers, employees, agents, and successors, and all other persons in active concert or participation with any of them to take such affirmative steps as may be necessary to remedy their past unlawful conduct;

4. Actual damages according to proof, pursuant to *California Civil Code* § 52, including general damages and special damages and including damages for humiliation, pain and suffering, emotional distress, mental anguish and/or related emotional damages that Plaintiff has incurred or will incur in the future as a result of Defendants' unlawful conduct;

5. Statutory damages and penalties in an amount equal to three times the amount of actual damages, but in no case less than four thousand dollars ($4,000), pursuant to *California Civil Code* § 52;

6. Prejudgment interest on all compensatory damages;

7. Punitive and exemplary damages pursuant to the standards and purposes of *California Civil Code* § 3294;

8. All of Plaintiff's litigation expenses, all costs of this proceeding and all

COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES    9

attorneys' fees as provided by law, including, but not limited to, those recoverable pursuant to the provisions of 42 **U.S.C.** § 2000a-3(b), **California Civil Code** § 52, and **California Code of Civil Procedure** § 1021.5; and

    9.    Such other and further relief as the court may deem just and proper.

                              **SINGLETON LAW GROUP**

Date:       June 9, 2005                  _____
                                         Jason K. Singleton, Attorney for
                                         Plaintiff, **GERRY HARRIS**

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a jury for all claims for which a jury is permitted.

                              **SINGLETON LAW GROUP**

Date:       June 9, 2005                  _____
                                         Jason K. Singleton, Attorney for
                                         Plaintiff, **GERRY HARRIS**